IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA | **I N D I C T M E N T** |
| v. | Case No. 3:26-cr-20 |
| DEMETRIUS WILLIE JAYVON GLENN, a/k/a MEECH, a/k/a T, a/k/a MARCUS | Violation: 21 U.S.C. § 846 |

**Conspiracy to Possess with Intent to Distribute and Distribute Controlled Substances**

The Grand Jury Charges:

From in or about October 2023 through the date of this Indictment, in the Districts of North Dakota, Minnesota, and elsewhere,

DEMETRIUS WILLIE JAYVON GLENN, a/k/a MEECH, a/k/a T, a/k/a MARCUS, did knowingly and intentionally combine, conspire, confederate, and agree together and with others, both known and unknown to the grand jury, to possess with intent to distribute and distribute mixtures and substances containing detectable amounts of methamphetamine and cocaine, Schedule II controlled substances, in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

Drug Quantity

The amounts involved in this conspiracy attributable to the defendant, as a result of his own conduct, and of the conduct of other conspirators reasonably foreseeable to him, are 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, and 5 kilograms or more of a mixture and substance containing a

detectable amount of cocaine, Schedule II controlled substances, in violation of Title 21, United States Code, Section 841(b)(1)(A)(ii) and (viii).

## Prior Conviction

Before committing the instant offense, DEMETRIUS WILLIE JAYVON GLENN, a/k/a MEECH, a/k/a T, a/k/a MARCUS, had a final conviction for a serious drug felony, namely, a conviction in the United States District Court for the District of North Dakota, Case No. 1:20-cr-00060-DLH, by judgment entered on or about March 27, 2024, under 21 U.S.C. § 846 – Conspiracy to Distribute and Possess with Intent to Distribute Oxycodone, for which he served more than 12 months of imprisonment and was released from any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

## Overt Acts

In furtherance of this conspiracy and to effect and accomplish its objects, one or more conspirators committed the following overt acts:

1.    It was a part of said conspiracy that the defendant and others possessed with intent to distribute and did distribute mixtures and substances containing detectable amounts of methamphetamine and cocaine, Schedule II controlled substances, within the states of North Dakota, Minnesota, and elsewhere;

2.    It was further a part of said conspiracy that the defendant and others would and did attempt to conceal their activities;

3.      It was further a part of said conspiracy that the defendant and others would and did use telecommunication facilities, including cellular telephones, to facilitate the distribution of methamphetamine and cocaine;

4.      It was further a part of said conspiracy that the defendant and others would and did use United States currency in their drug transactions;

5.      It was further a part of said conspiracy that one or more conspirators sent and received methamphetamine and cocaine through the United States mail;

6.      It was further a part of said conspiracy that one or more conspirators used peer-to-peer money transfer services, including but not limited to Cash App and Zelle, to send and receive payment for and proceeds of methamphetamine and cocaine sales;

7.      It was further a part of said conspiracy that one or more conspirators used encrypted messaging applications, including but not limited to WhatsApp, to facilitate the distribution of methamphetamine and cocaine;

8.      It was further a part of said conspiracy that one or more conspirators traveled between the states of North Dakota, Minnesota, California, and Nevada to obtain, transport, and distribute methamphetamine and cocaine;

9.      It was further a part of said conspiracy that one or more conspirators possessed firearms during, in relation to, and in furtherance of the conspiracy;

10.      It was further a part of said conspiracy that one or more conspirators rented and occupied apartments, houses, and hotel rooms in North Dakota and Minnesota in which to store, possess, and distribute methamphetamine and cocaine;

11.    DEMETRIUS WILLIE JAYVON GLENN, a/k/a MEECH, a/k/a T, a/k/a

MARCUS, acted as an organizer, leader, manager, and supervisor in this conspiracy;

In violation of Title 21, United States Code, Section 846, and *Pinkerton v. United States*, 328 U.S. 640 (1946).

A TRUE BILL:

/s/ Foreperson _____
Foreperson

/s/ NICHOLAS W. CHASE
NICHOLAS W. CHASE
United States Attorney

MPK/tah