IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **Case No. 3:26-cr-00020-PDW** |
| | ) | |
| Plaintiff, | ) | Hon. Peter D. Welte |
| | ) | Chief U.S. District Judge |
| v. | ) | |
| | ) | **MOTION FOR EARLY** |
| DEMETRIUS WILLIE JAYVON | ) | **DISCLOSURE OF JENCKS** |
| GLENN, | ) | **ACT MATERIALS** |
| a/k/a MEECH, a/k/a T, a/k/a | ) | |
| MARCUS, | ) | |
| | | |
| Defendant. | | |

NOW COMES Defendant DEMETRIUS WILLIE JAYVON GLENN, by and through undersigned counsel, Sanford A. Schulman, and respectfully moves this Honorable Court for an Order encouraging the United States, by and through Assistant United States Attorney Matthew P. Kopp, to disclose materials covered by the Jencks Act, 18 U.S.C. § 3500, and Federal Rule of Criminal Procedure 26.2 sufficiently in advance of trial to permit the orderly conduct of the trial and the effective preparation of the defense; or, in the alternative, requiring the Government to identify, sufficiently in advance of trial, the date by which it will voluntarily produce such materials. In support of this Motion, the Defendant states as follows:

## I.  STATEMENT OF FACTS

This is a multi-defendant narcotics-conspiracy prosecution under 21 U.S.C. § 846. The Government's case-in-chief against Mr. Glenn rests overwhelmingly on the testimony of cooperator Richard Carrillo and on a single photographic identification by that cooperator. Trial may include testimony from cooperator Carrillo, from one or more law-enforcement agents who have prepared multiple investigative reports over a period of approximately fourteen (14) months, and from one or more additional cooperators or trial witnesses whose identities have not yet been disclosed.

Defense counsel anticipates that Jencks Act and Rule 26.2 materials in this case will be voluminous, and that effective cross-examination of cooperator and agent witnesses will require the defense to compare prior statements against trial testimony, against contemporaneous reports, and against the documentary record. Disclosure on the eve of, or during, direct examination cannot reasonably be assimilated by counsel without disrupting the orderly conduct of the trial.

## II.  ARGUMENT

### A.  The Defense Acknowledges the Statutory Framework.

The Jencks Act, 18 U.S.C. § 3500, and Federal Rule of Criminal Procedure 26.2 govern the timing of disclosure of statements of Government witnesses. By their terms, those provisions do not require disclosure of a witness's prior statements until after the witness has testified on direct examination at trial. 18 U.S.C. § 3500(a); Fed. R. Crim. P. 26.2(a). Counsel further recognizes that controlling authority holds that the trial court may not compel the Government to disclose Jencks Act material before the witness testifies. United States v. White, 750 F.2d 726, 727 (8th Cir. 1984); United States v. Wilson, 102 F.3d 968, 971–72 (8th Cir. 1996); United States v. Alexander, 736 F. Supp. 968, 981 (D. Minn. 1990).

This Motion does not ask the Court to compel earlier production. It asks the Court to encourage voluntary early production and, in the alternative, to require the Government to identify, sufficiently in advance of trial, the date by which it will voluntarily produce Jencks Act materials.

### B.  Early Voluntary Disclosure Serves the Interests of Trial Efficiency, the Court's Calendar, and Fundamental Fairness.

Numerous federal courts have recognized that early voluntary disclosure of Jencks Act material avoids disruptive mid-trial recesses and the practical inability of counsel to digest thousands of pages of prior

statements during a brief overnight or weekend recess. See United States v. Algie, 667 F.2d 569, 571–72 (6th Cir. 1982); United States v. Holmes, 722 F.2d 37, 40–41 (4th Cir. 1983); see also United States v. Coppa, 267 F.3d 132, 145–46 (2d Cir. 2001). Where, as in this case, Brady and Giglio material is intertwined with material that may also be characterized as Jencks Act material, the constitutional disclosure obligation requires production sufficiently in advance of trial to permit effective use, regardless of the Jencks Act's statutory timeline. United States v. Burke, 571 F.3d 1048, 1054 (10th Cir. 2009).

### C.  Voluntary Disclosure Is Standard Practice in Multi-Defendant Conspiracy Cases.

It is the practice of many United States Attorneys' Offices, including in the District of North Dakota and elsewhere, to disclose Jencks Act material a reasonable period before trial. The defense respectfully submits that the unique circumstances of this case, a single-cooperator-driven prosecution, in which the defense's principal challenge will be impeachment of the cooperator and the agents who recorded his statements — make this an appropriate case for early voluntary disclosure.

## III.  RELIEF REQUESTED

WHEREFORE, the Defendant, DEMETRIUS WILLIE JAYVON GLENN, by and through his attorney, SANFORD A. SCHULMAN, respectfully requests this Honorable Court:

**1.  Encouraging the Government,** as a matter of trial management and fundamental fairness, to disclose Jencks Act material no later than seven (7) days before the commencement of jury selection.

**2.  Requiring the Government to identify,** no later than thirty (30) days before trial, the date by which it will voluntarily disclose Jencks Act material.

**3.  Reaffirming, for the avoidance of doubt,** that the timing limitations of the Jencks Act and Federal Rule of Criminal Procedure 26.2 do not relieve the Government of its independent constitutional obligation, under Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972), to disclose exculpatory and impeachment material in time for effective use at trial.

**4.  Recognizing the Government's continuing obligation** to supplement its disclosures upon discovery of additional Jencks Act, Brady, or Giglio material.

## IV.  CONCLUSION

WHEREFORE, Defendant Glenn respectfully requests that this Honorable Court grant this Motion and enter an order consistent with the relief requested above, and grant such further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Sanford A. Schulman
SANFORD A. SCHULMAN
Admitted Pro Hac Vice
Federal Criminal Attorneys of Michigan
500 Griswold Street, Suite 2340
Detroit, Michigan 48226
Telephone: (313) 963-4740
Email: saschulman@comcast.net
Counsel for Defendant Demetrius Willie
Jayvon Glenn

Date:  June 11, 2026

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the date set forth below, I electronically filed the foregoing Defendant's Motion for Early Disclosure of Jencks Act Materials with the Clerk of the United States District Court for the District of North Dakota using the CM/ECF system, which will send notification of such filing to all counsel of record, including Matthew P. Kopp, Assistant United States Attorney, District of North Dakota, 655 First Avenue North, Suite 250, Fargo, North Dakota 58102.

Dated:  June 11, 2026

Respectfully submitted,

<u>/s/ Sanford A. Schulman</u>
SANFORD A. SCHULMAN
Admitted Pro Hac Vice
Federal Criminal Attorneys of Michigan
500 Griswold Street, Suite 2340
Detroit, Michigan 48226
Telephone: (313) 963-4740
Email: saschulman@comcast.net
Counsel for Defendant Demetrius Willie
Jayvon Glenn

Date:  June 11, 2026