IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **Case No. 3:26-cr-00020-PDW** |
| | ) | |
| Plaintiff, | ) | Hon. Peter D. Welte |
| | ) | Chief U.S. District Judge |
| v. | ) | |
| | ) | **MOTION FOR** |
| DEMETRIUS WILLIE JAYVON | ) | **BILL OF PARTICULARS** |
| GLENN, | ) | |
| a/k/a MEECH, a/k/a T, a/k/a | ) | |
| MARCUS, | ) | |
| | | |
| Defendant. | | |

---

NOW COMES Defendant DEMETRIUS WILLIE JAYVON GLENN, by and through undersigned counsel, Sanford A. Schulman, and respectfully moves this Honorable Court, pursuant to Federal Rule of Criminal Procedure 7(f), for an Order directing the United States, by and through Assistant United States Attorney Matthew P. Kopp, to file a bill of particulars setting forth the specific facts identified below. In support of this Motion, the Defendant states as follows:

## I.  STATEMENT OF FACTS

The Indictment charges Mr. Glenn with a single count of conspiracy to possess with intent to distribute and distribute methamphetamine and cocaine, in violation of 21 U.S.C. § 846, alleging quantities triggering the mandatory-minimum penalties of 21 U.S.C. § 841(b)(1)(A)(ii) and (viii). The

Indictment alleges a conspiracy spanning from in or about October 2023 through the date of the Indictment, in the Districts of North Dakota, Minnesota, and elsewhere, and identifies eleven generic "overt acts" of the alleged conspiracy.

The Indictment does not, however, identify any specific date, location, transaction, communication, controlled substance quantity, or other particular fact attributable to Mr. Glenn personally as opposed to the broader group of alleged co-conspirators (Richard Carrillo, Kristin Neumann, Anthony Frazier, Nathan Belgarde, Kennedie Johnson, and Abigail Dominguez). The eleven enumerated overt acts allege that "the defendant and others" engaged in distribution, used cellular telephones, used currency, used the United States mail, used peer-to-peer money transfer applications, used encrypted messaging applications, traveled between several states, possessed firearms, and rented dwellings. Each is pleaded in the disjunctive and at the level of generality of the underlying statute. The Indictment further alleges in conclusory fashion that Mr. Glenn "acted as an organizer, leader, manager, and supervisor in this conspiracy," without identifying any predicate fact.

The Government's discovery production includes substantial materials concerning the alleged Fargo-based downstream distribution operation involving co-defendants Carrillo, Neumann, and Frazier. As to Mr. Glenn personally, however, the production reviewed to date does not place Mr. Glenn at any controlled buy, surveillance event, executed search-warrant location, traffic stop, parcel transaction, financial transaction, or chain-of-custody record. Mr. Glenn's name appears substantively only in the two post-arrest proffer statements of cooperator Carrillo and in the related six-person photographic array.

Without further particularization, the defense cannot identify with reasonable certainty: which transactions, conversations, or transfers the Government will attribute to Mr. Glenn at trial; which drug quantities the Government will attribute to Mr. Glenn personally as opposed to via Pinkerton aggregation; the dates and locations on which Mr. Glenn is alleged to have entered into the conspiracy or performed any specific act in furtherance of it; or the factual basis for the "organizer, leader, manager, and supervisor" role allegation.

## II.  ARGUMENT

### A.  Legal Standard.

Federal Rule of Criminal Procedure 7(c) requires that an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." The test of sufficiency is whether the indictment "contains the elements of the offense charged, and sufficiently apprises the defendant of what he must be prepared to meet, and in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction." United States v. Tebeau, 713 F.3d 955, 962 (8th Cir. 2013) (cleaned up); see also United States v. Sewell, 513 F.3d 820, 821 (8th Cir. 2008); Hamling v. United States, 418 U.S. 87, 117 (1974).

Federal Rule of Criminal Procedure 7(f) provides that the Court "may direct the government to file a bill of particulars." "The purpose of a bill of particulars is to inform the defendant of the nature of a charge with sufficient precision to enable him to prepare for trial and to avoid or minimize the danger of surprise at trial." United States v. Livingstone, 576 F.3d 881, 883 (8th Cir. 2009) (cleaned up). The Court "may order a bill of particulars if the particulars set out in the indictment fail sufficiently to apprise the defendant of the charges to enable him to prepare a defense."

United States v. Garrett, 797 F.2d 656, 665 (8th Cir. 1986). A bill of particulars is not, however, a discovery device by which the defendant may compel a detailed recitation of how the Government plans to prove its case at trial. United States v. Lundstrom, 880 F.3d 423, 439 (8th Cir. 2018); see also United States v. Roberson, No. 25-cr-372 (MJD/DJF), 2026 U.S. Dist. LEXIS 94983, at *4–8 (D. Minn. Apr. 30, 2026).

### B.  This Indictment Tracks the Statutory Language at the Highest Level of Generality and Provides No Particularization as to Mr. Glenn.

The Indictment in this case tracks the language of 21 U.S.C. § 846 and § 841(b)(1)(A) at a level of abstraction that, while ordinarily sufficient under Sewell and Hamling for a notice-pleading purpose, is materially insufficient here for two reasons. First, the Indictment is a single-count, multi-defendant conspiracy charge spanning more than two years, three states (North Dakota, Minnesota, and elsewhere — including, by implication, California and Nevada), and an alleged distribution network involving at least six other identified persons plus persons "known and unknown." Second, the Indictment alleges a § 851 prior-felony enhancement and a quantity finding that places Mr. Glenn within the ambit of a fifteen-year mandatory minimum and an advisory-Guidelines range that the Government has indicated will exceed twenty years.

In that posture, a generic recital of overt acts attributed to "the defendant and others" does not permit the defense to identify which specific quantities, dates, transactions, or roles the Government will attempt to prove against Mr. Glenn.

**C.  The Particulars Requested Are Necessary to Permit Defense Preparation and to Avoid Surprise at Trial.**

Without the requested particularization, the defense cannot intelligently prepare cross-examination of cooperator Carrillo, evaluate Pinkerton-aggregation challenges to the § 841(b)(1)(A) quantity threshold, develop alibi or third-party-perpetrator evidence for specific dates and locations, brief admissibility challenges to Rule 801(d)(2)(E) co-conspirator statements, or evaluate any plea posture. The discovery, while substantial, principally describes the activities of the Fargo-based co-defendants; it does not, on its face, identify which of those activities the Government will attribute to Mr. Glenn personally or through Pinkerton liability.

The Court retains discretion to order such particularization. Garrett, 797 F.2d at 665. The defense respectfully submits that, even where some details have been informally disclosed in discovery or correspondence, the appropriate course in a case of this complexity and exposure is to require the Government to commit, in writing and on the record, to the specific factual particulars on which it intends to proceed against Mr. Glenn. Cf.

Page 6 of 11

Roberson, 2026 U.S. Dist. LEXIS 94983, at *7 (denying bill where Government's discovery and on-record arguments at motions hearing supplied the necessary particulars).

### III.  PARTICULARS REQUESTED

WHEREFORE, the Defendant, DEMETRIUS WILLIE JAYVON GLENN, by and through his attorney, SANFORD A. SCHULMAN, respectfully requests that the Government be ordered to file a bill of particulars setting forth the following:

**1.  Each overt act attributed to Mr. Glenn personally.** For each act in furtherance of the alleged conspiracy that the Government will attribute to Mr. Glenn personally at trial, the date or approximate date, the location, the nature of the act, the persons present or involved, and the means by which the Government intends to prove the act.

**2.  Each act of co-conspirators attributed to Mr. Glenn under Pinkerton.** For each act of any co-conspirator that the Government will attribute to Mr. Glenn under Pinkerton v. United States, 328 U.S. 640 (1946), the act, the actor, the date, the location, and a statement of the basis on which the Government contends the act was reasonably foreseeable to Mr. Glenn.

3. **Drug quantities attributable to Mr. Glenn.** An identification of the specific drug quantities (in grams, kilograms, or pills, as applicable) the Government will attribute to Mr. Glenn personally, and a separate identification of any quantities the Government will attribute to Mr. Glenn through Pinkerton liability or U.S.S.G. § 1B1.3 relevant-conduct aggregation, together with the date, transaction, or seizure to which each quantity corresponds.

4. **Dates and locations of Mr. Glenn's alleged participation.** The date or approximate date on which the Government contends Mr. Glenn entered into the alleged conspiracy; the date or approximate date of any withdrawal (if alleged); and the geographic locations within North Dakota, Minnesota, California, Nevada, or elsewhere at which Mr. Glenn is alleged to have performed any act in furtherance of the conspiracy.

5. **Identity of unindicted co-conspirators.** The identity of any co-conspirators "known to the grand jury" but not named in the Indictment whose acts the Government will attempt to attribute to Mr. Glenn at trial.

6. **Factual basis for the "organizer, leader, manager, and supervisor" allegation.** The specific factual basis on which the Government alleges, in Overt Act 11, that Mr. Glenn "acted as an

organizer, leader, manager, and supervisor in this conspiracy," including the persons supervised, the manner of supervision, and the time period.

7.  **Means of communication and transfer attributed to Mr. Glenn.** The specific telecommunication facilities, encrypted messaging applications, peer-to-peer money transfer services, mail-room facilities, and other means of communication or transfer alleged to have been used by Mr. Glenn personally, and the dates and counterparties of any such use.

8.  **Firearms attributed to Mr. Glenn.** Whether the Government will attribute the possession of any firearm to Mr. Glenn personally, and, if so, the firearm, the date, the location, and the basis for the attribution.

9.  **Travel attributed to Mr. Glenn.** The dates, points of origin, points of destination, and means of conveyance for any travel between states (including North Dakota, Minnesota, California, and Nevada) the Government will attribute to Mr. Glenn personally.

10.  **Continuing obligation.** An order recognizing the Government's continuing obligation to supplement the bill of particulars upon discovery of additional facts material to the charge.

## IV.  CONCLUSION

WHEREFORE, Defendant respectfully requests that this Honorable Court grant this Motion and enter an Order directing the Government to file a bill of particulars setting forth the items identified above, and grant such further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Sanford A. Schulman
SANFORD A. SCHULMAN
Admitted Pro Hac Vice
Federal Criminal Attorneys of Michigan
500 Griswold Street, Suite 2340
Detroit, Michigan 48226
Telephone: (313) 963-4740
Email: saschulman@comcast.net
Counsel for Defendant Demetrius Willie
Jayvon Glenn

Date:  June 11, 2026

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the date set forth below, I electronically filed the foregoing Defendant's Motion for Bill of Particulars with the Clerk of the United States District Court for the District of North Dakota using the CM/ECF system, which will send notification of such filing to all counsel of record, including Matthew P. Kopp, Assistant United States Attorney, District of North Dakota, 655 First Avenue North, Suite 250, Fargo, North Dakota 58102.

Respectfully submitted,

<u>/s/ Sanford A. Schulman</u>
SANFORD A. SCHULMAN
Admitted Pro Hac Vice
Federal Criminal Attorneys of Michigan
500 Griswold Street, Suite 2340
Detroit, Michigan 48226
Telephone: (313) 963-4740
Email: saschulman@comcast.net
Counsel for Defendant Demetrius Willie Jayvon Glenn

Date:  June 11, 2026