IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **Case No. 3:26-cr-00020-PDW** |
| | ) | |
| Plaintiff, | ) | Hon. Peter D. Welte |
| | ) | Chief U.S. District Judge |
| v. | ) | |
| | ) | **MOTION FOR DISCLOSURE** |
| DEMETRIUS WILLIE JAYVON | ) | **OF CO-DEFENDANT AND** |
| GLENN, | ) | **CO-CONSPIRATOR** |
| a/k/a MEECH, a/k/a T, a/k/a | ) | **STATEMENTS** |
| MARCUS, | ) | |
| | ) | |
| Defendant. | | |

NOW COMES Defendant DEMETRIUS WILLIE JAYVON GLENN, by and through undersigned counsel, Sanford A. Schulman, and respectfully moves this Honorable Court for an Order requiring the United States, by and through Assistant United States Attorney Matthew P. Kopp, to disclose, in advance of trial: (1) all out-of-court statements the Government intends to offer at trial against Mr. Glenn under Federal Rule of Evidence 801(d)(2)(E) as statements of a co-conspirator; (2) any post-conspiracy statement of any co-defendant or alleged co-conspirator that constitutes material exculpatory or impeachment information under Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972); and (3) any post-arrest or post-conspiracy statement of any co-defendant that the Government intends to introduce at any joint trial in which Mr. Glenn is

a defendant, so that the defense may evaluate the statement's admissibility under <u>Bruton v. United States</u>, 391 U.S. 123 (1968), <u>Crawford v. Washington</u>, 541 U.S. 36 (2004), and Federal Rule of Evidence 801. In support of this Motion, the Defendant states as follows:                    I.

## <u>STATEMENT OF FACTS</u>

Indictment alleges a single conspiracy under 21 U.S.C. § 846 involving Mr. Glenn and various other persons, including identified co-defendants Richard Carrillo, Kristin Neumann, Anthony Frazier, Nathan Belgarde, Kennedie Johnson, and Abigail Dominguez. The Government's principal evidence connecting Mr. Glenn to the alleged conspiracy is found in the post-arrest proffer statements of cooperator Richard Carrillo (Bates Nos. RC000812, RC000991) and a six-person photographic array shown to Mr. Carrillo (Bates Nos. RC000982–RC000989).

On information and belief, one or more co-defendants have given, or may yet give, statements to law enforcement that bear on the existence, scope, membership, and quantities of the alleged conspiracy. The defense further understands that the Government may seek to introduce, at any trial of Mr. Glenn, statements of co-conspirators allegedly made "during and in furtherance of the conspiracy." Fed. R. Evid. 801(d)(2)(E). The defense cannot evaluate admissibility, prepare <u>Bell</u>/<u>Bourjaily</u> responses, identify

Bruton/Crawford issues, or prepare cross-examination without pretrial notice of the statements the Government will offer.

## II.  ARGUMENT

### A.  The Defense Recognizes the General Rule and Tailors This Motion Accordingly.

Defense counsel acknowledges that Rule 16 does not, by its terms, require pretrial disclosure of all statements made by co-defendants or alleged co-conspirators. United States v. Hoelscher, 914 F.2d 1527, 1535 (8th Cir. 1990); United States v. Vitale, 728 F.2d 1090, 1093–94 (8th Cir. 1984); United States v. Collins, 652 F.2d 735, 738 (8th Cir. 1981). Counsel further acknowledges that other courts in this Circuit have denied broad requests of this kind. See, e.g., United States v. Lopez, No. 24-cr-105 (NEB/LIB), 2024 U.S. Dist. LEXIS 199008, at *10–13 (D. Minn. Sept. 3, 2024).

This Motion does not seek wholesale disclosure of every co-defendant statement in the Government's possession. It seeks pretrial disclosure of three discrete categories of statements that, under settled law, are subject to disclosure on independent legal grounds: (1) statements the Government will offer at trial under Rule 801(d)(2)(E); (2) statements that constitute material favorable to the accused under Brady and Giglio; and (3) statements implicating Bruton and Crawford.

**B.  Statements Offered Under Rule 801(d)(2)(E) Require a Pretrial Bell Hearing or, at a Minimum, Pretrial Notice.**

Federal Rule of Evidence 801(d)(2)(E) excludes from the definition of hearsay any statement "offered against an opposing party and … made by the party's coconspirator during and in furtherance of the conspiracy." To satisfy that rule, the Government must establish, by a preponderance of the evidence, the existence of a conspiracy, the defendant's membership in it, and the in-furtherance character of the statement. Bourjaily v. United States, 483 U.S. 171, 175–76 (1987). In the Eighth Circuit, the customary procedure for evaluating admissibility of co-conspirator statements is the procedure set forth in United States v. Bell, 573 F.2d 1040, 1043–46 (8th Cir. 1978), under which the trial court conditionally admits the statement subject to the Government's later proof of the predicate facts, or, in the alternative, conducts a pretrial James hearing. United States v. Hayes, 391 F.3d 958, 961–62 (8th Cir. 2004).

**C.  Brady and Giglio Compel Pretrial Disclosure of Co-Defendant Statements That Are Material to Guilt, Punishment, or Impeachment.**

The constitutional duty of disclosure recognized in Brady and Giglio applies regardless of the speaker's identity. Strickler v. Greene, 527 U.S. 263, 280–81 (1999); Kyles v. Whitley, 514 U.S. 419, 433–34 (1995). A co-defendant's statement that another person was the source of supply, that

Page 4 of 8

Mr. Glenn was not a participant in the alleged conspiracy, that Mr. Glenn was unknown to the speaker, that quantities have been overstated, or that any cooperator has misidentified Mr. Glenn or any other person is plainly favorable to the accused. The Government cannot withhold such statements simply because Rule 16 does not, on its own terms, require their disclosure.

### D.  Bruton and Crawford Require Pretrial Identification of Co-Defendant Statements the Government Intends to Introduce.

If any co-defendant proceeds to a joint trial with Mr. Glenn, the admission of that co-defendant's facially incriminating, post-arrest, testimonial statement violates the Confrontation Clause as applied to Mr. Glenn unless the speaker testifies and is subject to cross-examination. Bruton v. United States, 391 U.S. 123 (1968); Crawford v. Washington, 541 U.S. 36 (2004); Samia v. United States, 599 U.S. 635 (2023). To preserve the defense's right to seek redaction, severance, or exclusion under Bruton and to prepare appropriate motions in limine, the Government must identify in advance of trial any post-arrest or otherwise testimonial statement of a co-defendant that the Government intends to introduce.

### III.  RELIEF REQUESTED

WHEREFORE, the Defendant, DEMETRIUS WILLIE JAYVON GLENN, by and through his attorney, SANFORD A. SCHULMAN, respectfully requests this Honorable Court order the Government to:

**1.  Identify, with citation to the relevant Bates number or production batch,** every out-of-court statement the Government intends to offer at trial against Mr. Glenn pursuant to Federal Rule of Evidence 801(d)(2)(E), no later than twenty-one (21) days before trial, so that the parties may litigate admissibility under United States v. Bell, 573 F.2d 1040 (8th Cir. 1978), and Bourjaily v. United States, 483 U.S. 171 (1987).

**2.  Disclose, forthwith upon discovery,** any post-conspiracy or post-arrest statement of any co-defendant or alleged co-conspirator that constitutes material favorable to the accused under Brady v. Maryland, 373 U.S. 83 (1963), or material affecting the credibility of any Government witness under Giglio v. United States, 405 U.S. 150 (1972).

**3.  Identify, no later than thirty (30) days before trial,** any statement of any co-defendant that the Government intends to offer at any trial in which Mr. Glenn is a defendant, so that the defense may evaluate Bruton v. United States, 391 U.S. 123 (1968), and Crawford v. Washington,

541 U.S. 36 (2004), issues, including any motion for severance, redaction, or exclusion.

**4. Acknowledge a continuing obligation** to supplement these disclosures forthwith upon discovery of additional responsive material.

## IV.  CONCLUSION

WHEREFORE, Defendant Glenn respectfully requests that this Honorable Court grant this Motion and enter an order consistent with the relief requested above, and grant such further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Sanford A. Schulman
SANFORD A. SCHULMAN
Admitted Pro Hac Vice
Federal Criminal Attorneys of Michigan
500 Griswold Street, Suite 2340
Detroit, Michigan 48226
Telephone: (313) 963-4740
Email: saschulman@comcast.net
Counsel for Defendant Demetrius Willie
Jayvon Glenn

Date:  June 11, 2026

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the date set forth below, I electronically filed the foregoing Defendant's Motion for Disclosure of Co-Defendant and Co-Conspirator Statements with the Clerk of the United States District Court for the District of North Dakota using the CM/ECF system, which will send notification of such filing to all counsel of record, including Matthew P. Kopp, Assistant United States Attorney, District of North Dakota, 655 First Avenue North, Suite 250, Fargo, North Dakota 58102.

Respectfully submitted,

<u>/s/ Sanford A. Schulman</u>
SANFORD A. SCHULMAN
Admitted Pro Hac Vice
Federal Criminal Attorneys of Michigan
500 Griswold Street, Suite 2340
Detroit, Michigan 48226
Telephone: (313) 963-4740
Email: saschulman@comcast.net
Counsel for Defendant Demetrius Willie
Jayvon Glenn

Date:  June 11, 2026