IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **Case No. 3:26-cr-00020-PDW** |
| | ) | |
| Plaintiff, | ) | Hon. Peter D. Welte |
| | ) | Chief U.S. District Judge |
| v. | ) | |
| | ) | **MOTION IN LIMINE TO LIMIT** |
| DEMETRIUS WILLIE JAYVON | ) | **EVIDENCE OF UNRELATED** |
| GLENN, | ) | **CONSPIRACIES AND FOR** |
| a/k/a MEECH, a/k/a T, a/k/a | ) | **MULTIPLE-CONSPIRACIES** |
| MARCUS, | ) | **JURY INSTRUCTION** |
| | ) | |
| Defendant. | | |

---

NOW COMES Defendant DEMETRIUS WILLIE JAYVON GLENN, by and through undersigned counsel, Sanford A. Schulman, and respectfully moves this Honorable Court, under Federal Rules of Evidence 401, 402, and 403, and the principles of Kotteakos v. United States, 328 U.S. 750 (1946), and its progeny, for an Order: (1) limiting at trial the evidence of conduct, transactions, statements, and acts of co-defendants and uncharged third persons that are not connected to Mr. Glenn or the conspiracy charged against him; and (2) instructing the jury, at the close of evidence, on the difference between a single conspiracy and multiple conspiracies, in conformity with Eighth Circuit Manual of Model Criminal Jury Instructions § 5.06J (multiple conspiracies). In support of this Motion, the Defendant states as follows:

## I.  STATEMENT OF FACTS

The Indictment charges a single conspiracy under 21 U.S.C. § 846 spanning approximately twenty-eight months, three or more states, and a network of at least seven identified persons (Mr. Glenn plus co-defendants Carrillo, Neumann, Frazier, Belgarde, Johnson, and Dominguez). The Government's discovery production, however, divides naturally into discrete clusters of activity that involve different persons, different drugs, different geographic locations, different methods of distribution, and different time periods.

Cluster one is the Fargo retail operation: a series of controlled buys of cocaine from Ms. Neumann conducted in June 2024, the residence search at 3717 50th Street South attributable to Ms. Neumann and Mr. Frazier, the Five Star Storage Unit 60B leased in Mr. Frazier's name and containing approximately twenty-five pounds of marijuana plus a hydraulic press, and the Minneapolis traffic stop on July 17, 2024, in which Ms. Neumann and Mr. Frazier (and a firearm and 1.2 kilograms of cocaine) were intercepted. Mr. Glenn does not appear in any contemporaneous report, surveillance log, search-warrant inventory, traffic-stop record, or chain-of-custody document associated with cluster one.

Cluster two is the Carrillo residence and Carrillo's claimed relationship with a source of supply identified in his proffer statements. Cluster two includes the Carrillo residence search at 1020 14th Street North (firearms, methamphetamine and cocaine residue, scales, hydraulic-press tools, identification cards belonging to Ms. Dominguez and Ms. Johnson, and a JPMorgan cashier's check to Eagle Automotive LLC associated with Mr. Belgarde's 2016 Jeep), and Mr. Carrillo's two post-arrest proffer statements naming Mr. Glenn.

Cluster three is the Bakersfield, California–to–Fargo UPS parcel of April 18, 2024, addressed to "Emily Smith," an alias linked to Ms. Dominguez and Mr. Carrillo. The parcel does not bear Mr. Glenn's name, address, signature, or any item of identification, and on its face suggests an alternative supply route originating in California, not Mr. Glenn's claimed jurisdiction.

The Government's theory is that all three clusters are unified under a single overarching § 846 conspiracy, with Mr. Glenn as the upstream source of supply. The defense's position is that the clusters reflect at minimum two and likely three distinct conspiratorial agreements, only one of which is alleged to involve Mr. Glenn (and that one is supported almost exclusively by the testimony of cooperator Carrillo).

## II.  ARGUMENT

**A.  Where the Indictment Charges One Conspiracy and the Proof Establishes Several, a Variance Occurs.**

It is a long-settled principle of federal conspiracy law that, where the indictment charges a single overarching conspiracy and the proof at trial establishes multiple distinct conspiracies, a fatal variance occurs. Kotteakos v. United States, 328 U.S. 750, 773–74 (1946); Berger v. United States, 295 U.S. 78, 81–82 (1935). The Eighth Circuit has repeatedly applied that principle. United States v. Lemm, 680 F.2d 1193, 1202–03 (8th Cir. 1982); United States v. Losing, 560 F.2d 906, 911 (8th Cir. 1977); United States v. Tercero, 580 F.2d 312, 315 (8th Cir. 1978).

The variance doctrine reflects the recognition that the rules of evidence and joinder "designed to avoid the dangers of collective treatment" risk substantial prejudice when a defendant is tried alongside individuals with whom he is not in fact in agreement. Kotteakos, 328 U.S. at 774. A jury may, in such circumstances, "transfer" evidence and inferences from one alleged conspiracy to another, and convict a defendant on the basis of conduct in which he had no part. Id. at 776–77.

B.  **The Court Should Limit the Government's In-Case-in-Chief Evidence to Acts Connected to the Charged Single Conspiracy**.

Where, as here, there is a substantial likelihood that the proof will tend toward a multiple-conspiracies finding, the Court has the authority, and the responsibility, to use Federal Rules of Evidence 401, 402, and 403 to limit the Government's case-in-chief evidence to acts and statements that are connected to the charged conspiracy and to Mr. Glenn. See Old Chief v. United States, 519 U.S. 172, 180–82 (1997); United States v. Bell, 573 F.2d 1040, 1044–46 (8th Cir. 1978).

Specifically, the defense respectfully requests an Order limiting (or excluding under Rule 403) the following categories of evidence absent a foundational showing that they are connected to the charged conspiracy and to Mr. Glenn: (1) the contents of Storage Unit 60B leased by Mr. Frazier, including the twenty-five pounds of marijuana, the hydraulic press, and the THC cartridges; (2) the firearm seized at the July 17, 2024 Minneapolis traffic stop; (3) firearms recovered at the Carrillo residence; (4) the JPMorgan cashier's check to Eagle Automotive LLC; (5) the UPS Bakersfield parcel addressed to "Emily Smith"; (6) the identification cards of Ms. Dominguez and Ms. Johnson recovered at the Carrillo residence; (7) the Xcel disconnection notices addressed to Mr. Carrillo; and (8) any out-of-court statement of any co-defendant offered against Mr. Glenn under

Page 5 of 10

Federal Rule of Evidence 801(d)(2)(E) absent a pretrial Bell showing that the statement was made "during and in furtherance of" the same conspiracy in which Mr. Glenn is alleged to have participated.

C. **At a Minimum, the Jury Must Be Instructed on the Distinction Between Single and Multiple Conspiracies**.

Even if the Court declines to limit the categories of evidence at the pretrial stage, the defense is entitled, at the close of evidence, to a jury instruction that captures the Kotteakos principle. The Eighth Circuit Manual of Model Criminal Jury Instructions includes such an instruction at § 5.06J (multiple conspiracies), which advises the jury that it must determine whether the Government has proved the single conspiracy charged in the Indictment, and that proof of multiple separate conspiracies is not proof of the conspiracy charged.

The instruction is appropriate where, as here, the evidence is reasonably susceptible of an inference of multiple conspiracies. United States v. Roach, 164 F.3d 403, 412 (8th Cir. 1998); United States v. Henley, 766 F.3d 893, 916 (8th Cir. 2014). The defense respectfully requests that the Court adopt the Manual instruction (with any non-substantive case-specific tailoring agreed upon at the charge conference) and instruct the jury accordingly.

D.  **Pinkerton Liability Does Not Eliminate the Need for the Multiple-Conspiracies Instruction.**

The Government may invoke <u>Pinkerton v. United States</u>, 328 U.S. 640, 646–48 (1946), to attribute the acts of co-conspirators to Mr. Glenn for substantive-offense purposes. Pinkerton liability, however, requires that the underlying act be in furtherance of, and reasonably foreseeable to, the same conspiracy in which the defendant is found to have participated. Id. That is the very predicate that the multiple-conspiracies instruction places squarely before the jury. The defense respectfully submits that, given the structure of this case (an alleged out-of-area source of supply with no contemporaneous record presence in the Fargo-based downstream operation), Pinkerton liability cannot be a substitute for, and does not obviate, the need for the multiple-conspiracies instruction.

## III.  RELIEF REQUESTED

WHEREFORE, the Defendant, DEMETRIUS WILLIE JAYVON GLENN, by and through his attorney, SANFORD A. SCHULMAN, respectfully requests this Honorable Court:

1.  Limiting, under Federal Rules of Evidence 401, 402, and 403, the Government's case-in-chief evidence to acts, statements, and seized items connected to the single conspiracy charged in the Indictment and to Mr. Glenn, and excluding the categories of evidence identified in Section II.B above absent a foundational showing of connection.

2.  Requiring the Government, before any out-of-court statement of a co-defendant is offered against Mr. Glenn under Federal Rule of Evidence 801(d)(2)(E), to make the predicate showing required by United States v. Bell, 573 F.2d 1040 (8th Cir. 1978), and Bourjaily v. United States, 483 U.S. 171 (1987).

3.  Instructing the jury, at the close of evidence, on the distinction between a single conspiracy and multiple conspiracies, in conformity with the Eighth Circuit Manual of Model Criminal Jury Instructions § 5.06J.

4.  Granting any further relief the Court deems just and proper.

## IV. **CONCLUSION**

WHEREFORE, the Defendant, DEMETRIUS WILLIE JAYVON GLENN, by and through his attorney, SANFORD A. SCHULMAN, respectfully requests that this Honorable Court grant this Motion and enter an order consistent with the relief requested above.

Respectfully submitted,

/s/ Sanford A. Schulman
SANFORD A. SCHULMAN
Admitted Pro Hac Vice
Federal Criminal Attorneys of Michigan
500 Griswold Street, Suite 2340
Detroit, Michigan 48226
Telephone: (313) 963-4740
Email: saschulman@comcast.net
Counsel for Defendant Demetrius Willie
Jayvon Glenn

Date:  June 11, 2026

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the date set forth below, I electronically filed the foregoing Defendant's Motion in Limine to Limit Evidence of Unrelated Conspiracies and for Multiple-Conspiracies Jury Instruction with the Clerk of the United States District Court for the District of North Dakota using the CM/ECF system, which will send notification of such filing to all counsel of record, including Matthew P. Kopp, Assistant United States Attorney, District of North Dakota, 655 First Avenue North, Suite 250, Fargo, North Dakota 58102.

Respectfully submitted,

<u>/s/ Sanford A. Schulman</u>
SANFORD A. SCHULMAN
Admitted Pro Hac Vice
Federal Criminal Attorneys of Michigan
500 Griswold Street, Suite 2340
Detroit, Michigan 48226
Telephone: (313) 963-4740
Email: saschulman@comcast.net
Counsel for Defendant Demetrius Willie
Jayvon Glenn

Date:  June 11, 2026